IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| vs. : | Case No.   8:22-cr-00023-LKG |
| BREANNA LEE CARTLEDGE : | |
| Defendant : | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**I.      INTRODUCTION**

On June 6, 2023, Ms., Cartledge appeared before this Honorable Court and entered a guilty plea to Count 1 of the indictment against her, charging: Conspiracy to Commit Bank and Wire Fraud, in violation of 18 U.S.C. § 1349. The Court released Ms. Cartledge, on her own recognizance, to the supervision of Pre-Trial Services on June 6, 2023, and she has remained in supervision since that time.

The Defense, the Government, and the Pre-Sentence Report writer agree that the applicable USSG range in this case was 10-16 months as of the negotiation and execution of the Plea Agreement. The range has been calculated by applying a Base Offense Level of 12 to Count One, pursuant to USSG § 5C1.1(d), applying a two-level increase for Ms. Cartledge's abuse of a position of public or private trust, under USSG § 3B1.3, and applying a two-level reduction for Ms. Cartledge's prompt acceptance of responsibility, under USSG § 3E1.1(a). When the Total Offense Level of 12 is crossed against Ms. Cartledge's Criminal History score of zero (Category I), the applicable USSG range is 10-16 months.

However, as of November 1, 2023, amendments to the USSG became effective which included a downward adjustment for certain zero-point offenders under §4C1.1. The application of this 2-level decrease in the applicable guideline sentencing range would reduce the range to

6-12 months falling within Zone B. The Government has previously advised Defense Counsel that it would not oppose the application of this new guideline provision in this matter.

In this Memorandum, Ms. Cartledge respectfully suggests that a sentence of supervised probation in lieu of imprisonment is appropriate and adequate in this case to serve the sentencing purposes and factors set forth in 18 U.S.C. § 3553(a).

## II.   STATEMENT OF FACTS

The Statement of Facts in support of Ms. Cartledge's guilty plea establishes that Ms. Cartledge conspired with Travis Osita Nnamani and Alexus Paige Tyson (the Co-defendants), and other co-conspirators, to commit bank and wire fraud (18 U.S.C. §1349, 18 U.S.C. §1344). Ms. Cartledge promptly accepted responsibility for her role in this activity, which will be described in a bit more detail below.

After being contacted by the Government, Ms. Cartledge promptly accepted responsibility for her role in the conspiracy.

## III.   ARGUMENT

After consideration of the sentencing guidelines range, the four purposes of sentencing and the six factors contained in 18 U.S.C. § 3553(a), it is respectfully suggested that the Court should sentence Ms. Cartledge to a term of supervised probation of up to one year, which is sufficient but not greater than necessary to achieve the sentencing purposes of 18 U.S.C. § 3553.

### A. Nature and Circumstances of the Offense and History and Characteristics of the Defendant Pursuant to 18 U.S.C. § 3553(a)(1)

*1. Ms. Cartledge's Background, Personal History and Characteristics*

Ms. Cartledge is a United States citizen. She was born in, and has been a lifelong resident of, the State of Maryland. She spent her entire life in Maryland, growing up in a

middle-class family, free from abuse and trauma. As a child, her parents and siblings were loving and supportive and they continue to love and support her through this criminal case. Jonathan Cartledge, Jr, Ms. Cartledge's father, remembers his daughter as a good child with a bad habit of surrounding herself with the wrong people. She was easily influenced by her peers and ran away from home on more than one occasion during her High School years. She graduated from Bladensburg Alternative School class of 2014 after behavioral issues led her to be expelled from Oxon Hill High School. Although Ms Cartledge had behavioral issues in high school which resulted in her expulsion from Oxon Hill High School. She advises that continuing family support was critical to her successful completion of High School.

Since the time of her arrest in April 2022, Ms. Cartledge has made great strides in taking back control of her life, she has made significant efforts to improve herself and brighten her own future. In August 2022, she successfully completed substance abuse treatment at CARE Consultants and has abstained from the use of marijuana or any illicit substances. In May 2023, Ms. Cartledge completed an eye-lash extension certification program through Jenne Paris, LLC. She has future aspirations of attending aesthetician school and starting her own small business. Presently, Ms. Cartledge is employed part-time as a secretary at MedStar Georgetown Hospital, where she has worked since November 2021. Ms. Cartledge resides with her parents at the family's home in Clinton, Maryland.

 2. *The Nature and Circumstances of the Offense*

The nature and circumstances of the offense, as described above more fully, are that Ms. Cartledge was employed as a Clerk at the United States Postal Service. She was approached by Travis Osita Nnamani and agreed to use her position as a Clerk to intercept business and personal checks being processed by the United States Postal Service. Ms. Cartledge would provide Nnamani with the relevant information from those checks in order for Nnamani to

create fake checks and defraud victims. Ms. Cartledge also sent Mr. Nnamani a photograph of the type of printer used by the United States Postal Service and herself deposited one fake check into her own account at Mr. Nnamani's request. The information obtained by Ms. Cartledge was intercepted at a United States Post Office where she had been employed.

Mr. Cartledge agreed that the intended loss in this case, based upon her role, was in the range of $6500-$15,000. However, there were no actual losses attributed to Ms. Cartledge in this case as the funds related to the counterfeit check deposited into her personal account were recovered by the bank.

### B. Sentencing Purposes Pursuant to 18 U.S.C. § 3553 (a)(2), The Kinds of Sentence and the Sentencing Range Established… Pursuant to § 3553 (a)(4) and Any Pertinent Policy Statement, Pursuant to § 3553 (a)(5)

In these circumstances, a sentence of a period of supervised probation would sufficiently serve the purposes of sentencing, as outlined in 18 U.S.C. § 3553 (a)(2), while a sentence of imprisonment would be greater than necessary to serve those purposes. A period of supervised probation, though not imprisonment, would reflect the seriousness of Ms. Cartledge's conduct and provide just punishment for her offense. This sentence would promote respect for the law and would still deter others from entering into such fraud conspiracies.

As described more fully above, Ms. Cartledge's offense level is 12 and her criminal history category is Category I, resulting in an applicable USSG range in this case is 6-12 months. Accounting for the fact that she has no criminal history, as well as her other personal characteristics, Ms. Cartledge submits that a sentence of up to one year of supervised probation, allowing her to remain employed and contributing to her community, and giving her the opportunity to continue her path of self-improvement.

### C. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct, Pursuant to 18 U.S.C. § 3553(a)(6)

Travis Osita Nnamani has pleaded guilty to 2 counts, Conspiracy to Commit Wire and Bank Fraud and Aggravated Identity Theft. His guilty plea includes an agreement pursuant to Rule 11 (c)(1)(C) for a period of imprisonment between 24 months and 1 day and 36 months. It is not clear whether the Court has accepted this sentencing agreement at this point. Co-Defendant, Alexus Paige Tyson is scheduled for re-arraignment in early January. The terms of her Plea Agreement are not known at this time.

## IV. CONCLUSION

After consideration of the sentencing guidelines range, as well as the six factors contained in 18 U.S.C. § 3553(a), as well as any additional allocution presented to the Court at the Sentencing Hearing, it is respectfully suggested that a sentence requiring Defendant to serve a period of supervised probation of up to one year, would be adequate but not greater than necessary to comply with the sentencing purposes and factors set forth in the statute. Ms. Cartledge's history and characteristics demonstrate that she is not by any means a danger to the community and that she does not require a prison sentence to deter her personal conduct. In her Presentencing Report, the report writer acknowledges that Ms. Cartledge has a history of being "easily influenced by others and…consistently surrounded herself with people who lead her to make poor decisions," but also notes that Ms. Cartledge "is resourceful and capable of holding steady employment." The report writer further notes that, despite "minimal substance abuse and mental health concerns…continuing treatment in both areas will be important for the defendant's success in the future."

Ms. Cartledge has no criminal history and, since her first appearance before this Court, she has made substantial efforts to improve her life. In addition, a period of supervised

probation will allow Ms. Cartledge to obtain any necessary continuing substance abuse and/or mental health treatment, as recommended. Moreover, a period of supervised probation in lieu of incarceration will permit Ms. Cartledge to continue to strengthen her ability to be a productive member of society and to contribute positively to her community. Furthermore, the extensive prosecution of this case by the Government, and the ignominious label of convicted felon that Ms. Cartledge will now carry with her, together with a period of supervised probation, will more than sufficiently serve general deterrence and punishment purposes.

Respectfully submitted,

/s/*Richard A. Finci*

Richard A. Finci, Esquire
Houlon, Berman, Finci & Levenstein, LLC
7850 Walker Drive, Suite 160
Greenbelt, Maryland 20770
finci@houlonberman.com
Telephone: (301) 459-8200
Facsimile: (301) 459-5721

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of November, 2023, a copy of the foregoing Memorandum in Aid of Sentencing was served via electronic mail to Gary Michael Morgan, Assistant United States Attorneys, Office of the United States Attorney, 6406 Ivy Lane, Suite 800, Greenbelt, Maryland 20770.

/s/*Richard A. Finci*

Richard A. Finci, Esquire