IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. LKG-22-023 |
| | * | |
| BREANNA LEE CARTLEDGE | * | |
| | * | |
| Defendant | * | |
| | * | |
| ****** | | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

The Government submits this memorandum in aid of sentencing Breanna Lee Cartledge ("Defendant"), scheduled for January 3, 2024. The Defendant was indicted on January 27, 2022 for a violation under 18 U.S.C. § 1349, Conspiracy to Commit Bank and Wire Fraud, after an investigation revealed that the Defendant and other United States Postal Service ("USPS") employees were engaged in a scheme to access money orders, personal and Government stimulus checks and other mail placed into the care of the USPS. The Defendant and her co-conspirators sought to obtain personal information of victims for the purpose of falsifying legitimate checks and other financial instruments sent by the victims then depositing or cashing those checks at victim financial institutions before withdrawing the funds.

The Defendant signed a plea agreement dated February 14, 2023 pleading guilty to this charge. At the time of signing, the parties agreed that the applicable sentencing guidelines range was 10-16 months based upon an **offense level of 12** and a criminal history category of I. This calculation was based on:

- an adjusted base offense level of **12** under U.S.S.G. § 2B1.1(b)(11)(C)(i) because the offense involved the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification; and

1

- a **2-level increase** under U.S.S.G. § 3B1.3, because the Defendant abused a position of trust.
- A **2-level decrease** under U.S.S.G. § 3E1.1(a) based upon the Defendant's acceptance of responsibility.

The Defendant qualified for an additional **2-level decrease** under U.S.S.G. § 4C1.1 after U.S.S.G. amendments took effect on November 1, 2023. Based upon this new **offense level of 10** and a criminal history category of I, the guidelines range for the Defendant is 6-12 months' incarceration. The Government respectfully submits that a prison term of no less than 12 months is necessary to comply with the objectives of sentencing set forth in 18 U.S.C. § 3553(a). The Government further requests three years of supervised release and a $100 special assessment.

## BACKGROUND

The stipulation of facts signed by the Defendant details the Defendant's willing and active participation in a scheme to defraud USPS customers and banks used by those customers. The Defendant was a trusted USPS employee who enabled this fraud to reach the scale and number of victims that it did. As a USPS clerk, she provided co-conspirator Travis Nnamani ("Nnamani") with personal information taken from checks and money orders placed into the mail system by victims. The Defendant also provided Nnamani detailed information about the equipment the USPS used to create checks and money orders so Nnamani could purchase the same equipment and defraud even more individuals by creating his own fraudulent checks and money orders using the personal information the Defendant would provide him.

As part of this scheme, the Defendant sent Nnamani photographs of personal checks placed into the mail system by victims to aid him in stealing funds from those individuals. The Defendant was personally involved in attempting to deposit at least one counterfeit check herself.

2

**ARGUMENT**

The Defendant was not a mere "money mule" or support character in this fraud. Individuals and businesses placed their mail into the Defendant's care based on their confidence in the integrity of the Defendant as a public servant and the USPS as an institution. The Defendant took advantage of that trust for her own benefit and enabled a widespread fraud that created victims of banks, businesses and individuals. The Defendant's actions will have continuing consequences for the USPS and the public, whose trust in this service is diminished every time people like the Defendant take advantage of their position.

The Government submits that a sentence of no less than 12 months is necessary to meet the objectives set out in 3553(a), followed by three years of supervised release.

**I.     The Applicable Guidelines.**

   **A.  *Total Offense Level***

The Government agrees with the defense that the Defendant's Total Offense Level is 10 as described above.

   **B.  *Criminal History Category***

The Government agrees with the defense that the Defendant's Criminal History Category is I.

   **C.  *Guidelines Range***

Given the above calculations, the Government agrees with the defense that the Defendant's guidelines range is 6-12 months' imprisonment.

**II.    A Sentence of 12 Months is Sufficient, But No Greater Than Necessary, to Achieve the Goals of Sentencing.**

A sentencing court must follow the three-step process set forth by *Gall v. United States*.

*See* 522 U.S. 38 (2007).  First, the court must properly determine the Guideline range.  *See id.* at 49 (citing *Rita v. United States*, 551 U.S. 338, 347-48 (2007)).  Second, the court must determine whether to apply any of the guidelines' departure policy statements to adjust the Guideline range.  *See id.* at 49-50.  Third, the court must consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole, including whether a variance—a sentence outside the advisory guideline system—is warranted.  *See id*.

The statutory factors for the court's consideration under 18 U.S.C. § 3553(a) include: 1) the nature and circumstances of the offense and history and characteristics of the defendant; 2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public and provide the defendant with needed services; and 3) the kinds of sentences available and the need to avoid unwarranted sentencing disparities. "In determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law."  U.S.S.G. § 1B1.4; *see also* 18 U.S.C. § 3661.  "If the district court decides to impose a sentence outside the guidelines range, it must ensure that its justification supports 'the degree of the variance.'"  *United States v. Evans,* 526 F.3d 155, 161 (4th Cir.), *cert. denied,* 555 U.S. 977, 129 S.Ct. 476, 172 L.Ed.2d 341 (2008) (quoting *Gall,* 552 U.S. at 51).  The district court is given "some latitude," and "a degree of deference," to tailor a particular sentence to the circumstances.  *United States v. Green,* 436 F.3d 449, 456-57 (4th Cir. 2006); *United States v. Moreland,* 437 F.3d 424, 433 (4th Cir. 2006).

    **a. Nature and Circumstances of the Offense and History and Characteristics of the Defendant Pursuant to 18 U.S.C. § 3553(a)(1)**

> *i. History and Characteristics of the Defendant*

The Defendant has no criminal history, which is reflected by her exceedingly low guidelines range relative to her conduct. The Defendant's guidelines range was further lowered by the recent amendments to the United States Sentencing Guidelines, which adjusted her guidelines range downward based on this lack of criminal history.

> *ii. Nature and Circumstances of the Offense*

The nature and circumstances of the offense are serious, particularly the abuse of the Defendant's position of trust to victimize the public. The Defendant played a major and active role in this fraud, intercepting checks and money orders placed into the mail by individuals and businesses and then communicating personal information from those documents to Nnamani.

Part of the Defendant's job as a USPS clerk, wearing a USPS uniform, was to ensure mail entrusted to the USPS got safely to the intended recipients. Instead, the Defendant took advantage of that position and acted as Nnamani's person on the inside. She located the best pieces of mail to alter and supplied information to Nnamani necessary for the scheme's success. Her full buy-in into the scheme is shown by her personally attempting to cash a check for $4,900 belonging to "Victim A" on May 28, 2020 into a Capitol One back account.

**b. Need to for the Sentence to Accomplish the Purposes Laid Out in 18 U.S.C. § 3553(a)(2)**

This was not a victimless crime, nor was the Defendant role a minor one. The Defendant, the insider with special access and knowledge of the USPS' operations, and Nnamani, who negotiated the majority of the fraudulent checks and money orders, each played a necessary role in this fraud. The Defendant participated in this scheme from at least January 2018 to January 2021, according to the indictment in this case, giving her plenty of time to rethink her participation

in the conspiracy. Any sentence should take into account the gatekeeper role the Defendant played in this scheme.

The sentence should also take into account the necessary deterrence to public servants who may be tempted to similarly abuse their positions of trust. Breaches of the public trust have wide-ranging consequences beyond the dollar value stolen, making these types of schemes particularly harmful. The circumstances here cry out for strong deterrence. The indictment and Stipulation of Facts in this case make clear that there were other USPS employees working with Nnamani from inside the USPS, indicating that this breach of trust is not an isolated incident. This sort of criminal activity can and should be deterred by real consequences for those caught in violation of the public's trust. Respectfully, the defense's request that the Defendant be sentenced to probation accomplishes none of the 3553(a)(2) goals and does not account for the gravity of the Defendant's actions.

Also important to the protection of the public and rehabilitation of the Defendant is the imposition of a three-year period of supervised release. The Defendant should reenter society with the benefit of court supervision and the threat of enhanced punishments in the case of additional criminal activity to further deter unlawful action.

## **CONCLUSION**

The Defendant played a substantial and critical role in a widespread fraud that victimized numerous individuals and institutions. She actively participated in this fraud in various capacities for approximately three years, and the punishment should reflect her conduct and the need for deterrence of similar conduct from others. For the reasons stated, as well as those presented at the sentencing hearing, the Government submits that a sentence of 12 months, with

three years of supervised release, and a $100 special assessment is the appropriate resolution to this case.

                          Respectfully Submitted,

                          Erek L. Barron
                          United States Attorney

By:      /s/ Darren S. Gardner\_
            Darren S. Gardner
            Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice of such filing to all users.

/s/ Darren S. Gardner
Darren S. Gardner
Assistant United States Attorney